**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MARJORIE J. JURCZENKO, et al.,** ) | **CASE NO.  1:09 CV 1127** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **FAST PROPERTY SOLUTIONS, INC., et al.,** ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Summary Judgment filed by Defendants, Fast Property Solutions, Inc., Aaron Lebovic, Harold Lebovic, and adopted by Defendant David Levin (Docket #67); the Motion for Summary Judgment filed by Defendants Robert G. Friedman and Michael D. Linn, and adopted by Defendant David Levin (Docket #70); and, the Cross-Motion for Summary Judgment as to the First and Second Claims filed by Plaintiffs Marjorie Jurczenko and Larissa Jurczenko (Docket #79).

In addition to the foregoing, Defendants have filed Motions to Strike the Jurczenkos' Combined Opposition/Cross Motion for Summary Judgment (Docket #s 80 and 81) and Motions to Strike the Affidavits of Larissa and Marjorie Jurczenko (Docket #s 83 and 86).

**Factual and Procedural Background**

On May 10, 2006, Plaintiff, Marjorie Jurczenko, signed a Purchase Agreement with Daniel and Marguerite Delzoppo, agreeing to pay $152,500 for a residential property located at 4795 Lakeview, Mentor, Ohio.  (Deposition of Alexander Jurczenko at p. 94; Deposition of

Marjorie Jurczenko at pp. 58 and 60.)  On May 12, 2006, Alexander Jurczenko discussed what has been referred to by Plaintiffs as "creative" or "alternative" financing with Fast Property Solutions, Inc. for the purchase of the Property.  (Deposition of Alexander Jurczenko at pp. 124, 126, 154, 161-62, 165, Ex. A-B.)

Mr. Jurczenko negotiated a deal with Fast Property, by which Fast Property would purchase the Property from the Delzoppos, and the Jurczenkos would occupy the Property as a residence and make monthly rent payments to Fast Property, as well as assume the costs of taxes, utilities and renovations.  See Lease/Purchase Agreement dated June 22, 2006.  Mr. Jurczenko represented to Fast Property that the Jurczenkos would later purchase the property from Fast Property at a higher price.  On June 22, 2006, Mr. and Mrs. Jurczenko signed a Lease/Purchase Agreement with Fast Property.  *Id.*  Mrs. Jurczenko assigned her interests in the Property to Fast Property by way of an assignment prepared by Mr. Jurczenko.  (Deposition of A. Jurczenko at pp. 154; 168-69.)  Title on the Property transferred from the Delzoppos to Fast Property on June 27, 2006.[1]

The Jurczenkos defaulted on their obligations under the Lease/Purchase Agreement within 6 months.  (Id. at pp. 173-78.)  As a result, Fast Property filed a Forcible Entry and Detainer action in the Mentor Municipal Court in December 2007.  Mentor Municipal Court Case No. 07 CVG 2224 (the "First Municipal Action").  David Mayo, then counsel for Fast

---

[1]

The Jurczenkos claim that Marjorie Jurczenko was forced to assign the Purchase Agreement to Fast Property as a condition of obtaining "financing" and that Fast Property insisted that both Alexander the Marjorie Jurczenko enter into the Lease/Purchase Agreement "to finance the purchase of the house."  The Jurczenkos assert that the $30,000 profit Fast Property would receive as a result of the transaction exceeds the maximum annual percentage rate permitted under Ohio law.

Property, and Mr. Jurczenko negotiated and settled the case.  (Id. at pp. 192-96.)  The Jurczenkos agreed to waive all defenses and consent to a writ of restitution and eviction from the property in the event they again defaulted on their Agreement with Fast Property.  (Id. at p. 202.)  The Jurczenkos executed a "Consent Judgment Entry" that provided Fast Property with the authority to immediately possess the Property and proceed with the eviction process in the even of another default.  (Id. at p. 225.)  The Jurczenkos executed a "Lease Purchase Modification Agreement," requiring them to pay Fast Property $180,000.00 for the Property on or before May 31, 2008.  (Deposition of M. Jurczenko at p. 122.)  Mr. Jurczenko was a party to and assisted in drafting the settlement documents.  As a result of the settlement, the case was dismissed without prejudice and the Jurczenkos remained in the Property.

On May 31, 2008, the Jurczenkos did not pay Fast Property $180,000.00 as was required under the terms of the settlement.  (Id. at p. 126.)  Instead, the Jurczenkos sent a Notice of Recision to Mr. Mayo, Counsel for Fast Property, purporting to rescind their agreement to the terms of settlement.  (Deposition of A. Jurczenko at pp. 225-27.)  The Jurczenkos did not send the Notice of Recision to Fast Property directly.  (Id. at p. 226.)  The Jurczenkos state in their Opposition Brief that they sought to rescind the Consent Judgment Entry and Settlement Agreement due to demands made by Fast Property regarding attorney fees.

In July 2008, although previously represented by Mr. Mayo, Fast Property retained Michael Linn and Robert Friedman to represent it in a second forcible entry and detainer action against the Jurczenkos in Mentor Municipal Court.  Mentor Municipal Court Case No. 08 CVG 1287  (the "Second Municipal Action").  There is no evidence that Mr. Linn or Mr. Friedman had notice of the Notice of Recision previously sent to Mr. Mayo by the Jurczenkos. The Second

Municipal Action was filed on July 29, 2008. Pursuant to the previous Consent Judgment Entry, the Court issued an order approving the eviction of the Jurczenkos from the Property. Mr. Jurczenko filed a Motion for Relief from Judgment based upon his asserted rescission of the prior Settlement Agreement.

Once again, Mr. Jurczenko negotiated with Counsel and settled the Second Municipal Action. (Deposition of A. Jurczenko at pp. 239-40.) On the day of a scheduled Court hearing, the Parties represented to the Court that they had settled the matter. The Parties articulated the settlement on the record. Mr. Jurczenko agreed to withdraw his Motion for Relief from Judgment and Mr. Linn agreed to vacate the judgment entered in response to the Consent Judgment Entry. The Jurczenkos agreed to pay $185,000 for the Property and to deposit $5,500 into an escrow account by August 22, 2008. If they failed to make the escrow deposit, the Jurczenkos agreed to vacate the Property by August 25, 2008. If they deposited the money in an escrow account by August 22, 2008, they were required to pay the remaining amount and close the transaction for the purchase of the Property on or before September 28, 2008. If they failed to meet the September 28, 2008 deadline, they were required to vacate the Property and forfeit the escrow deposit.

On August 22, 2008, the Jurczenkos deposited $5,500.00 in escrow. However, the Jurczenkos failed to comply with the remaining terms of the Parties' Second Settlement Agreement – failing to pay the amounts required and failing to leave the Property as promised. Defendants Mr. Linn and Mr. Friedman filed a Motion to Enforce the Settlement, which was granted and the Jurczenkos were evicted from the Property for 17 days. Mr. Jurczenko filed two Writs of Prohibition with the Court of Appeals, arguing that the Municipal Court did not have

jurisdiction over the case.  The Municipal Court vacated all of its prior orders and transferred the case to the Lake County Court of Common Pleas, and it remains pending.  Lake County Court of Common Pleas Case No. 09CV000363.  The Jurczenkos returned to the Property but have made no payments since September 2007.

On May 15, 2009, Marjorie Jurczenko and Larissa Jurczenko, the Jurczenko's adult daughter, filed this lawsuit, asserting claims against Defendants Fast Property Solutions, Inc.; Harold Lebovic; Aaron Lebovic; Daniel Levin; Michael D. Linn; Robert G. Friedman; and, David R. Mayo.  Plaintiffs assert claims against Defendants for (1) violations of the Consumer Sales Practices Act; (2) violations of the Fair Debt Collection Practices Act; (3) violations of 42 U.S.C. § 1983; (4) abuse of prosecution/malicious prosecution; (5) violations of Ohio Rev. Code § 2923.32; and, (6) civil conspiracy.  All of the claims are based upon the Defendants' filing of the Second Municipal Action for Forcible Entry and Detainer against the Jurczenkos and the assertion that the Jurczenkos rescinded the original Settlement Agreement between the Jurczenkos and Fast Property.

On January 14, 2010, this Court granted the Motion to Join Mr. Jurczenko as a necessary party filed by Defendants Linn and Friedman.  Pursuant to a stipulation of the Parties, Plaintiffs' claims against Mr. Mayo were settled and dismissed as of November 16, 2010.

**Defendants' Motion for Summary Judgment**

On January 21, 2010, Defendants Fast Property Solutions, Inc., and Harold and Aaron Lebovic (the "Fast Property Defendants"), filed their Motion for Summary Judgment.  (Docket #67.)  On January 24, 2010, the Defendants Robert Friedman and Michael Linn filed their Motion for Summary Judgment.  (Docket #70.)

The Fast Property Defendants characterize this case as a landlord-tenant dispute, the terms of which were clearly set forth in a Lease/Purchase Agreement drafted by Mr. Jurczenko. The Fast Property Defendants point to the fact that the Jurczenkos have not paid any rent since September 2007.  The Fast Property Defendants assert that Mr. Jurczenko breached the terms of the Lease/Purchase Agreement; failed to comply with the terms of the March 2008 Settlement; and, failed to comply with the terms of the August 2008 Settlement.  The Fast Property defendants emphasize their belief that any purported recision of the original Agreed Consent Entry between the Parties by the Jurczenkos is "absurd."  The Fast Property defendants urge this Court to grant summary judgment in their favor, stating that the Jurczenkos received the benefit of their bargain in the settlement of the First Municipal Action, allowing them to remain in the Property and giving them additional time to close on the purchase.  Instead of fulfilling their obligations, the Jurczenkos provided the "Notice of Rescission" of the Consent Entry on the day they were required to close on the purchase.

In addition to the foregoing, the Fast Property Defendants state that they incorporate all arguments and exhibits of Defendants Friedman and Linn.

On January 25, 2010, Defendants Robert Friedman and Michael Linn filed their Motion for Summary Judgment.  Defendants assert that the Jurczenkos' alleged "rescission" of the Settlement Agreement reached in the First Municipal Action is invalid, as it cannot be unilaterally rescinded unless it was procured by fraud, duress, and/or undue influence, of which there is no evidence.  *Selvage v. Emnett*, 181 Ohio App.3d 371, 909 N.E.2d 143 (4th Dist. 2009). Defendants point to the fact that Mr. Jurczenko drafted the document memorializing the terms of settlement, and also executed an Agreed Consent Entry, agreeing to vacate the Property in the

event the Jurczenkos did not fulfill their obligations. Defendants Friedman and Linn assert that the Jurczenkos received the benefit of their bargain -- remaining in the Property and having additional time to secure financing – but failed to tender the funds required under the Agreement. Having received the benefit of their bargain, Defendants Friedman and Linn argue that a purported recision thereafter was legally invalid.

Defendants Friedman and Linn address the other claims raised by the Jurczenkos as follows:

- Ohio Rev. Code § 2323.13 is inapplicable to this case, as it does not apply to a Consent Judgment Entry, but rather to consumer loans and consumer transactions.

- The Consumer Sales Practice Act claims fail as a matter of law. Defendants were not suppliers, but acted as counselors for Fast Property. An attorney's representation of a client does not constitute a "consumer transaction" under the CSPA and, therefore, it has no application to Defendants. Further, there is no evidence that Defendants acted as debt collectors which would have triggered application of the CSPA. This was an action for forcible entry and detainer seeking eviction pursuant to the terms of the settlement agreement. Finally, there is no evidence of a deceptive practice, as is required by the CSPA. Defendants assert that Defendants Friedman and Linn acted reasonably in representing Fast Property based upon their knowledge of the facts at the time they filed the Second Municipal Action.

- The Fair Debt Collections Practices Act, 15 U.S.C. § 1692, is inapplicable because, aside from the fact that Defendants are not "debt collectors" under the FDCPA, they did not falsely misrepresent a debt and/or pursue an action that could not be legally taken.

- There is no legal or factual basis for a claim under 42 U.S.C. § 1983, given that Defendants served as private counsel retained by Fast Property to pursue legal remedies against the Jurczenkos. Accusations that Defendants, the Municipal Court and various Court employees acted in concert against the Jurczenkos are legally and factually unsupported and, even if accepted as true, insufficient to establish a Section 1983 claim.

- Claims for abuse of process and malicious prosecution fail, as the Jurczenkos understood the terms of the Settlement Agreements; admit that they have not made payments on the Property since September 2007; and, Defendants had no

    knowledge of the Notice of Rescission sent by Mr. Jurczenko to prior Counsel for Fast Property.  There is no evidence to demonstrate perversion of legal process, or proper legal process initiated with malicious intent.

- Defendants argue that they did not violate Ohio Rev. Code § 2923.32, as an attorney's lawful representation of a client, the filing of a Complaint and proceeding with a court action, do not amount to corrupt activity.  The acts complained of do not "involve the commission of two or more of specifically prohibited state or federal criminal offenses."  Finally, the representation of Fast Property did not create an enterprise in which Defendants participated or maintained an interest.

- There is no evidence of civil conspiracy.  There is no factual or legal support for the claims asserted by the Jurczenkos and, without an actionable underlying tort there can be no conspiracy claim.  *Orbit Electronics, Inc. v. Helm Instrument Co., Inc.*, 167 Ohio App. 3d 301, 312 (2006).  More importantly, there is no evidence that Defendants acted in combination with others to injure the Jurczenkos, but instead acted as counsel for Fast Property, pursuing and protecting its legal interests in a court of law.

On March 9, 2010, the Jurczenkos filed their Opposition to the Motions for Summary Judgment filed by Defendants and Cross-Motion for Summary Judgment.  (Docket #79.)  The Jurczenkos oppose summary judgment, arguing that they have "continuously occupied the Property under 'color of title.'" The Jurczenkos argue that Second Municipal Action for Forcible Entry and Detainer was improper and, that by filing said Action, Fast Property, its management, and its attorneys engaged in deceptive and fraudulent acts and practices, in violation of Ohio Rev. Code § 1923.02(A)(5).   The Jurczenkos also claim that Defendants Friedman and Linn fraudulently signed the name of Fast Property's former attorney, Mr. Mayo, to the Complaint filed in the Second Municipal Action to mislead the Municipal Court.

The Jurczenkos seek summary judgment as to their Section 1983 and FDCPA claims and argue that genuine issues of material fact preclude summary judgment in favor of Defendants on the remaining claims.

On March 19, 2010 and March 26, 2010, Defendants filed their Reply Briefs and Briefs in Opposition to the Cross-Motion for Summary Judgment filed by the Jurczenkos.  (Docket #s 84 and 87.)  Defendants collectively assert that based upon the undisputed facts in this case, they are entitled to summary judgment on all of the Jurczenkos' claims and that the Cross-Motion for Summary Judgment as to the Jurczenkos' Section 1983 and FDCPA claims must be denied.

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of

a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted).  However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248.  The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249.  The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.

**Discussion**

**A.     Motions for Summary Judgment.**

The Court has thoroughly and exhaustively reviewed all of the claims raised by the Jurczenkos in this action; the Motions for Summary Judgment filed by the Parties; and, all

supporting documentation. There is no evidence in this case to support the claims asserted by the Jurczenkos. As stated above, the Jurczenkos assert claims against Defendants for (1) violations of the Consumer Sales Practices Act; (2) violations of the Fair Debt Collection Practices Act; (3) violations of 42 U.S.C. § 1983; (4) abuse of prosecution/malicious prosecution; (5) violations of Ohio Rev. Code § 2923.32; and, (6) civil conspiracy. As set forth in the Jurczenkos' Opposition Brief, all of the claims are based upon the Defendants' filing of the Second Municipal Action against the Jurczenkos and the Jurczenkos' assertion that they had previously rescinded Settlement Agreement which disposed of the First Municipal Action for Forcible Entry and Detainer.[2]

In filing both the First and Second Municipal Actions for Forcible Entry and Detainer, Fast Property, through Counsel, sought to enforce its rights under the terms of the Lease/Purchase Agreement and the Settlement Agreements lawfully executed by the Parties. There is no basis upon which to argue that the actions of Fast Property, or its attorneys, violated any of the provisions of State or Federal law cited by the Jurczenkos. There is no evidence before the Court of an improper, unlawful or malicious intent on the part of any of the

---

[2] On March 29, 2010, Defendants Fast Property Solutions, Inc., Aaron Lebovic and Harold Lebovic filed a Motion to Enforce Settlement Agreement (Docket #88). The motion basically argues that the validity of the prior settlement agreements is res judicata. The findings of fact and conclusions of law set forth in this Memorandum Opinion do not conflict with the findings of the Lake County Court of Common Pleas that Defendants are entitled to enforcement of the Second Settlement Agreement. The Motion to Enforce Settlement Agreement does not provide sufficient information upon which this Court can determine whether the Lake County Court's decision would bar Plaintiff's claims in this action. Further, this Court has no independent basis upon which to enforce the settlement agreement between the Parties, as enforcement of the settlement agreement has not been properly raised as an issue for decision. Therefore, the Motion to Enforce Settlement Agreement is denied.

Defendants.  Further, the Jurczenkos could not unilaterally rescind the Settlement Agreement disposing of the First Municipal Action, negotiated and agreed upon by the Jurczenkos, after receiving the benefits of their bargain.  There is no genuine issue as to any material fact and Defendants are entitled to summary judgment as a matter of law.

### B. Motions to Strike.

Defendants also filed Motions to Strike Plaintiffs' Cross-Motion for Summary Judgment and Combined Opposition to Defendants' Motions for Summary Judgment.  (Docket #s 80 and 81.)  The Cross-Motion for Summary Judgment and Opposition Brief were not filed within the dates set by the Court.  Defendants argue that permitting these late filings will result in undue expense and burden on Defendants.  The facts of this case support summary judgment in favor of Defendants as to all of the claims asserted by the Jurczenkos and no further briefing of the issues is required.  Accordingly, the Motions to Strike Plaintiffs' Cross-Motion for Summary Judgment and Combined Opposition to Defendants' Motion for Summary Judgment (Docket #s 80 and 81) are hereby DENIED.

The Motions to Strike the Affidavits of Larissa A. Jurczenko and Marjorie J. Jurczenko (Docket #s 83 and 86) are hereby GRANTED.  Fed. R. Civ. P. 56(e) requires a supporting or opposing affidavit to be made on personal knowledge, set out facts that would be admissible in evidence, and show the affiant is competent to testify on the matters stated.  Evidence Rule 602 requires a lay witness to have personal knowledge of the matters about which they testify.  The Affidavits of Larissa and Marjorie Jurczenko are not based on personal knowledge and contain inadmissible hearsay.  Accordingly, they cannot properly be considered by the Court.  Further, even if the Affidavits could properly be considered, there remains no dispute as to any material

fact.

## Conclusion

Based on the foregoing, the Motions for Summary Judgment filed by Defendants (Docket #s 67 and 70) are hereby GRANTED. The Cross-Motion for Summary Judgment filed by Plaintiffs (Docket #79) is hereby DENIED.

The Motions to Strike Plaintiffs' Cross-Motion for Summary Judgment and Combined Opposition to Defendants' Motion for Summary Judgment (Docket #s 80 and 81) are hereby DENIED.

The Motions to Strike the Affidavits of Larissa A. Jurczenko and Marjorie J. Jurczenko (Docket #s 83 and 86) are hereby GRANTED.

The Motion to Enforce Settlement Agreement (Docket #88) is DENIED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

                                                     s/Donald C. Nugent
                                                     DONALD C. NUGENT
                                                     United States District Judge

DATED: April 6, 2010