IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE J. JURCZENKO, *et al.*, | ) | CASE NO. 1:09 CV 1127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| FAST PROPERTY SOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |

This matter is before the Court on Defendant, David Levin's motions for sanctions against the Plaintiffs and their attorney James Douglass, (ECF # 40, 101, 104, 110), and Plaintiffs' Motion to strike Motion of Defendant David M. Levin for Sanctions Under Rule 11. (ECF # 106). In addition, the Court will re-visit the sanctions motions filed by Defendants Robert G. Friedman and Michael D. Linn, in accordance with its prior ruling indicating that "sanctions, if any, to be determined at conclusion of case." (ECF # 35, 36, 45; see also Order dated 11/17/2009 (granting in part motion to compel discovery and indicating that sanctions would be determined at the end of the case). Defendant David Levin has requested sanctions for alleged discovery violations, as well as sanctions under Fed. R. Civ. Pro. 11. The sanctions requested by Mr. Friedman and Mr. Linn stem from alleged discovery violations and Plaintiff's

use of improper tactics to delay, avoid or otherwise interfere with the Defendants ability to obtain deposition testimony from the Plaintiffs and from "Interested Party," Alexander Jurczenko.

    A. <u>Rule 11 Sanctions</u>.

Defendant Levin claims that the claims raised against him in the Complaint were baseless and that Mr. Douglass knew or should have known at the time he filed the Complaint that they were not supported by the facts or the law. On November 4, 2009, Mr. Levin sent a letter the Mr. Douglass informing him of this allegation and asserting that he would file a motion for Rule 11 sanctions if the claims were not dismissed within 21 days.[1] No motion was attached, nor was any Rule 11 motion ever served upon the Plaintiffs or their lawyer prior to May 6, 2010. The case was decided against the Plaintiffs on April 7, 2010, by way of a ruling on cross-motions for Summary Judgment.

On May 6, 2010, a month after the case was concluded, Mr. Levin filed a Motion for sanctions against Plaintiffs and their attorney, seeking sanctions under Rule 11 and for alleged discovery violations involving the cancellation and early termination of scheduled depositions. (ECF #101). Mr. Levin did not serve a copy of this motion on the Plaintiffs or their attorney prior to filing it. On June 14, 2010, Mr. Levin amended and supplemented his motion for sanctions under Rule 11, and on July 1, 2010, Mr. Levin filed a "Second Motion for sanctions re-filed after 21 days" in an attempt to circumvent Plaintiff's defensive argument that his

---

[1] Mr. Levin's letter references Rule 11(c)(1)(a) of the Federal Rules as the basis for his letter. However, at the time the letter was written, the Federal Rules had been amended to eliminate this section of the rule. The so-called "safe harbor" provision is now contained in 11(c)(2).

motion for Rule 11 sanctions should be dismissed as untimely because he had not provided 21 days prior notice to the Plaintiffs in accordance with the requirements of Rule 11.

Prior to filing of a Rule 11 Motion for Sanctions with the Court, the moving party must, pursuant to the rule, serve a copy of the Motion on the allegedly errant party and allow them twenty-one days to correct or withdraw the challenged paper, claim, contention or allegation. Fed. R. Civ. Pro. 11 (c)(1)(A). Mr. Levin did not meet this prerequisite. Although he sent a letter to Mr. Douglass informing him that the allegations were baseless, requesting that the claims against him be withdrawn, and indicating that he would file a Rule 11 Motion for Sanctions if the claims were not dismissed, Mr. Levin did not serve Plaintiffs with an actual Motion for Sanctions twenty-one days prior to filing his original Motion with the Court. [2]

A letter warning of possible future motions for sanctions does not satisfy the "safe harbor" requirements of Rule 11. The rule clearly states that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. Pro. 11(c)(2). This requirement is not satisfied by merely informing another party that a motion may be filed, or even by notifying them of the alleged violations of Rule 11 and an intent to later file a motion for sanctions if the alleged violations are not corrected. The rule requires that the actual motion that will be filed with the Court be served on the allegedly offending party at least 21 days prior

---

[2] Re-filing the motion nearly two months later did not cure this defect because he did not serve the motion on the Plaintiffs more than twenty-one days before the case was ultimately decided by the Court. Therefore, Plaintiffs were not afforded the twenty-one day period to cure any defects in the Complaint, contemplated by the clear language and purpose of Rule 11(c)(2), prior to the Court's dismissal of the action.

to the filing of the motion, and the Sixth Circuit has held that the requirements of Rule 11 must be strictly followed. *Ridder v. Springfield*, 109 F.3d 288 (6th Cir. 1997).

Further, the Advisory Committee Notes for the 1993 Amendments to Rule 11 set forth both the reasons for and the expectations surrounding this requirement.

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

Id. Thus, the letter sent by Mr. Levin, although a proper means of providing the "expected" informal notice prior to preparing and serving a Rule 11 motion, does not satisfy the requirement of serving the actual motion 21 days prior to filing it with the Court.[3] Because Mr. Levin did not satisfy the requirements of the rule, his motion forサnctions under Rule 11 must be denied.[4]

---

[3] If Mr. Levin had properly served the motion 21 days prior to filing it with the Court, and if the Court had granted that motion, the informal notice provided through the letter would have certainly boosted his chances of recovering costs and fees associated with the filing of the motion and any proceedings that occurred after the letter had been delivered but before the motion was served and/or filed.

[4] Plaintiff's Motion to Strike Motion of Defendant David M. Levin For Sanctions Under Rule 11 (ECF #106) is denied. Plaintiffs have engaged in an undesirable practice of filing motions to strike defense motions that they oppose, rather than filing a response or objection to any issues that are contested. A motion to strike is appropriate only in limited circumstances and is not interchangeable with an opposition or response.

B. Discovery Violations.

1. Violations relating to the depositions of Marjorie and Larissa Jurczenko

In his post-judgment motions, Mr. Levin does not characterize the expenses he incurred traveling from Chicago to Cleveland for depositions as the result of discovery violations, but sought those expenses as costs of the litigation in his Rule 11 motion for sanctions. (ECF #101, at 5; # 104, at 1; ). However, in November of 2009, Mr. Levin filed a motion for sanctions pursuant to Civ. R.37(d), seeking $1500[5] as reimbursement for the time and expense of traveling to Chicago for Plaintiff's depositions, which were cancelled without notice to Mr. Levin the afternoon before they were scheduled. (ECF #40). Plaintiffs filed a motion to strike Mr. Levin's motion for sanctions but offered no substantive response to the motion and did not challenge any of the <u>relevant</u> allegations and assertions. (ECF #42). At a status conference on June 24, 2010, the Court offered Plaintiffs a second opportunity to provide a substantive reply to the motion for sanctions, allowing Plaintiffs until July 7, 2010 to file a response to Mr. Levin's November 6, 2009 Motion for Sanctions.[6] No response was ever filed.

Defendants Michael Linn and Robert Friedman also filed a motion to compel and

---

[5] Although Mr. Levin sought $1500 in his November 2009 motion, he has since provided information indicating that his actual out-of-pocket costs for that trip were $395.00. This included the cost of round trip airfare, airport transfers, a rental car, and lodging for one night. He had no attorney costs associated with this trip, as, at the time, he was proceeding with this matter pro se.

[6] The Court's minutes from this status incorrectly recorded the Court's order, which was orally communicated to and understood by all parties to the status conference. The minutes state "Def to reply to 11/6/09 motion by 7/10/10." In fact, what that Court had communicated to the parties was that the Plaintiffs would have until 7/10/10 to respond to Mr. Levin's 11/6/09 motion.

motion for sanctions pursuant to Civ. R. 37(d) based on the last minute cancellation of the above referenced depositions. (ECF #35). The Court granted the motion to compel, and deferred ruling on the motion for sanctions until after the resolution of the case. (ECF #45). Plaintiffs never responded to Linn and Friedman's motions. Thus, both of these motions stand unopposed.

Plaintiffs depositions were noticed for October 21, 2009; having been noticed by Mr. Linn and Mr. Friedman's attorney nearly a month before. Mr. Levin officially joined this action October 19, 2009[7] when he filed a notice of appearance.[8] He left for Cleveland the day after his notice of appearance was docketed in order to participate in the depositions. On October 20, 2009, the day before the depositions were scheduled, at 4:30 in the afternoon, Plaintiff's attorney notified the other Defendants (through their lawyers) by delivery of a letter, that they had no intention of attending the depositions. Mr. Levin was not informed that the depositions had been cancelled until after he arrived in Cleveland. Both Plaintiffs depositions were cancelled, with the only explanation being that Marjorie Jurczenko had to work the night shift the two nights before her deposition.[9] No reason was giving for cancelling Larissa Jurczenko's

---

[7] In the affidavit accompanying his motion, Mr. Levin states that he filed his notice of appearance on or about October 14, 2009. (ECF # 40, ¶ 7). The docket reflects that this notice was not filed until October 19, 2009. (ECF #32). In his Response to Motion for Default Against David M. Levin, Mr. Levin acknowledges that the notice was filed on October 19, 2009, although the accompanying affidavit still lists the filing as having occurred on or about October 14, 2009. (ECF #50).

[8] As Mr. Levin, himself has argued, he did not receive formal service of the Complaint, and became an official party only upon his notice of appearance, which acted as a waiver of any jurisdictional or service deficiencies.

[9] Marjorie's work schedule was created 6-8 weeks in advance and there was no indication

-6-

deposition.

The letter also evidenced an intent to avoid any further notices of deposition, claiming that the Plaintiffs did not see any need for fact development by Linn and Friedman, and that any attempt to depose them would be viewed as a bad faith request "expected to result in annoyance, embarrassment or oppression" of the Plaintiffs.

Civil Rule 37(d)(1)(A)(I) allows a court to impose sanctions if a party, after being served with proper notice, fails to appear for that person's deposition. There is no dispute that the notice provided to Plaintiffs for the depositions scheduled for October 21, 2009 was proper; and, there is no dispute that Plaintiffs failed to attend. Further, the failure to attend was not substantially justified. Therefore, this Court finds that sanctions are appropriate under the circumstances.

In addition to sanctions under Civil Rule 37(d), sanctions are also appropriate under Civil Rule 30(d). Civil Rule 30 allows for sanctions under the following circumstances.

> The Court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impeded, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. Pro. 30(d)(2).

There is no question that in this case, Plaintiffs and/or their attorney, have impeded, delayed and frustrated legitimate and fair attempts to examine the Plaintiffs by deposition. Not only did the Plaintiffs fail to appear for a legitimately noticed deposition, but they gave the

---

that her schedule had been changed last minute. Further, if she was scheduled to work the night shifts, she technically would have been available for the depositions, though it would have been inconvenient and she may have been more tired than usual during the time they were to be conducted.

-7-

other parties little to no notice, provided no valid excuse, and evidenced an intent to avoid any future attempts to reschedule. Further, they refused to participate in any prior attempts to choose mutually acceptable dates, and appear to have calculated their cancellation to prohibit the other parties from seeking the Court's intervention to ensure that the depositions would go forward or be rescheduled.[10]

In addition, although not specifically mentioned by the Defendants in any motion for sanctions, the Court is well aware that the Plaintiffs continued to impede, delay and frustrate a fair examination even when they did attend a re-scheduled deposition, as ordered by the Court in response to Mr. Linn and Friedman's Motion to Compel. The re-scheduled depositions took place at the Court House, and were peppered by delays and interruptions stemming from Plaintiffs' refusal to answer questions, repeated attempts to inappropriately invoke the Court's intervention to deal with unfounded objections, and threats to unilaterally end the deposition. In short, Plaintiffs consistently refused to cooperate with the discovery process, causing delay, frustration, and added expense for all involved. In an attempt to ensure that the depositions were completed, and the Court assigned a Magistrate Judge to address issues as they arose during the remainder of the depositions. Due to the delays imposed by the Plaintiffs and their attorney, the depositions carried over to December 15, 2009.

At no point in this litigation have Plaintiffs ever offered a legitimate explanation for their behavior. If there had been some legitimate reason, Plaintiffs should have raised their concerns with the Court in an effort to obtain a protective order or some other legally

---

[10] Plaintiffs notified defense counsel of their intent to cancel at 4:30 on the afternoon before the scheduled deposition, despite acknowledging that they knew of Marjorie's purported work schedule interference 6-8 weeks before.

appropriate means of addressing the issues, rather than surreptitiously avoiding legitimate discovery attempts and refusing to engage in any fact discovery in a case they, themselves, instigated.

Therefore, this Court finds that Plaintiffs and their attorney James R. Douglass are persons who have impeded, delayed, and frustrated the fair examination of a deponent, and imposes sanctions against them (jointly and severally), in an amount sufficient to reimburse all Defendants for the costs and expenses associated with the depositions of the Plaintiffs. The Defendants have until August 2, 2010 to submit proof of expenses, including attorneys fees,[11] directly associated with preparing for and/or attending the depositions of Marjorie and Larissa Jurczenko, noticed for October 21, 2009 and December 14, 2009.

2. Violations relating to the depositions of Alexander Jurczenko

Defendants Mr. Linn and Mr. Friedman have also sought sanctions against Mr. Alexander Jurczenko pursuant to Civil Rule 30(d) and 37(a)(5). At the time Mr. Jurczenko's deposition was noticed and taken, he was not yet a party to this litigation.[12] Defendants have provided transcripts of the deposition which show that Mr. Jurczenko attempted to obfuscate his answers, was unresponsive, unreasonable, and at times overly combative. He repeatedly asserted baseless objections and refused to answer questions even when his objections were

---

[11] Mr. Levin is not entitled to attorney fees for the time he, himself, spent preparing for or attending the depositions. A pro se litigant is not entitled to attorneys fees, even if he or she is, in fact, an attorney at law. *See Kay v. Khrler*, 499 U.S. 432, 113 L.Ed. 2d 486, 111 S. Ct. 1435 (1991); *Pickholtz v. Rainbow Technologies, Inc.*, 284 F. 3d 1365, 1375 (Fed. Cir. 2002).

[12] Mr. Jurczenko was added as an indispensable party on January 14, 2010. His deposition took place on November 14, 2009.

noted and preserved for the record. He did not comply with the requirements of the Civil Rules and had no regard for the Defendants right to obtain full and fair discovery relevant to the claims that had been brought against them.

However, as frustrating and improper as Mr. Jurczenko's actions may have been, the Court finds that monetary sanctions are not warranted under the circumstances. Because a second deposition was never required to obtain additional information from Mr. Jurczenko, because he was not technically a party to the action at the time of his deposition, and because the case was ultimately decided in Defendants' favor at the summary judgment stage, there is no clear evidence that Mr. Jurczenko's behavior and attitude at the deposition, although inappropriate, caused Mr. Linn and Mr. Friedman to incur any substantial increase in costs and expenses. Further, unlike the depositions that were unilaterally cancelled by the Plaintiffs, Defendants were, at least, able to obtain some legitimate relevant information from Mr. Jurczenko during his deposition, albeit through the use of more effort and confrontation than should have been necessary.

C. Sanctions Under 28 U.S.C. § 1927.

For the same reasons set forth in the discussion relating to the availability of sanctions under Civil Rule 30(d), sanctions are also warranted against Mr. Douglass pursuant to 28 U.S.C. § 1927. Section 1927 states that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct

This Court finds that Mr. Douglass unreasonably multiplied the proceedings requiring

Defendants to expend unnecessary time and money pursuing legitimate discovery, as well as pursuing legal means to compel such discovery when Plaintiffs and their attorney refused to cooperate and abide by the Federal Rules governing the discovery process.  Mr. Douglass knew or should have known that his position regarding Defendants' right to seek fact discovery through the deposition of his clients was without legal basis.  Further, he knew or should have known that his clients had no intention of attending their first scheduled deposition long before he provided notice to the Defendants, on the eve of the depositions, that they would not be attending.  The delay in informing the Defendants not only caused them excess expense and effort preparing for the depositions, but deprived them of any opportunity to seek assistance from the Court to compel the attendance of the Plaintiffs at the originally noticed time and place.  Mr. Douglass' unreasonable approach to the discovery process continued at the rescheduled depositions, causing excessive delay and unnecessary degrees of Court intervention to ensure that Defendants were able to exercise their rights to obtain discovery and fully defend themselves in this action.

    For all of the above reasons, Defendant, David Levin's Motions for sanctions against the Plaintiffs and their attorney James Douglass, (ECF # 40) is GRANTED.  Mr. Levin's motions for sanctions under Rule 11 (ECF # 101, 104, 110) are DENIED;[13]  and, Plaintiffs' Motion to strike Motion of Defendant David M. Levin for Sanctions Under Rule 11 (ECF # 106) is DENIED.  In addition, the sanction motions filed by Defendants Robert G. Friedman and

---

[13] To the degree that these later motions incorporate a request for sanctions based on the Plaintiffs failure to attend their first noticed deposition, they are denied as moot, following the Court's ruling on Mr. Levin's first motion for sanctions (ECF #40), which addresses the same incident.

Michael D. Linn, against Plaintiffs and their attorney (ECF # 35) is GRANTED; and, their motion against Robert Jurczenko (ECF # 36) is DENIED.   As an alternative grounds for sanctions, this Court finds, *sua sponte*, that sanctions against the Plaintiffs and Mr. Douglass are warranted under Civil Rule 30(b), and sanctions against Mr. Douglass are warranted under 28 U.S.C. § 1927.  All Defendants shall have until August 2, 2010 to submit evidence of the costs and expenses associated with the depositions that were scheduled for October 21, 2009 and December 14, 2009, as well as the costs of pursuing their prevailing motions for sanctions.   IT IS SO ORDERED.

                                           /s/Donald C. Nugent  
                                           Donald C. Nugent  
                                           United States District Judge

Date:   July 19, 2010