IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAJORIE JURCZENKO, *et al.,* | ) | CASE NO.  1:09 CV 1127 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| FAST PROPERTY SOLUTIONS, INC., *et al.,* | ) | |
| | ) | <u>AMENDED</u> |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> (replaces ECF #115) |

This matter is before the Court on Defendant, David M. Levin's Motion for
Reconsideration of this Court's July 20, 2010 Order denying his request for Rule 11 sanctions.
(ECF #113).  Mr. Levin's motion cites no new law, nor any facts that were not available at the
time of his original Motion for Rule 11 Sanctions.  A motion for reconsideration is not the proper
means by which a party may raise issues or facts that have been or could have been addressed  in
the original proceedings.  Rather, if a party is not satisfied with a Court ruling, made with full
access to the relevant law and facts, an appeal would be the appropriate means of obtaining
review over the Court's decision.

Furthermore, the primary case upon which Mr. Levin's Motion for Reconsideration

relies, <u>Bakker v. Bank One Lexington, NA</u>, No. 97-5787, 1998 WL 466437 (6th Cir. 1997), was considered by this Court prior to its denial of the original Motion for Rule 11 Sanctions.  <u>Bakker</u>, although more recent than <u>Ridder v. City of Springfield</u>, 109 F.3d 297 (6th Cir. 1997) (the case cited by this Court in support of its prior ruling) does not supercede the holding or the principles set forth in <u>Ridder</u>,  nor does it override the specific and unambiguous language of Rule 11.  Although the <u>Bakker </u>court did say that "the purpose of the safe harbor provision was complied with in this case by the warning lette**rs**...," (emphasis added) that statement referred not only to a general warning sent to the Plaintiffs counsel early in the action, but also to a communication by which "defendants also served [Plaintiff's counsel] with their motion for sanctions 21 days before filing it with the court."   Mr. Levin misinterprets the <u>Bakker</u> Court's wording as standing for the premise that a warning letter alone, without service of the motion as required by the rule, was sufficient to satisfy the safe harbor provision of Rule 11.  Although not clearly articulated, the Court obviously was aware that the plain language of the Rule had been followed, and the actual motion had been properly served in accordance with the safe harbor provision of the Rule.  Therefore, the quoted passage, when taken in context, does not stand for the proposition that a warning letter alone is sufficient to satisfy the safe harbor provision of Rule 11.<sup>1</sup>

This Court finds no reason to alter the decision set forth in its July 20, 2010 Order denying Mr. Levin's Motion for Rule 11 Sanctions.  The plain language of the rule is clear and was not satisfied in this case.  Further, the Sixth Circuit has not published, or otherwise put forth any opinion that would establish that a warning letter is an adequate substitution for serving a

---

<sup>1</sup>

Further, even if the <u>Bakker</u> Court had meant that a warning letter alone was sufficient, that statement would be dicta (at best), in an unpublished case, and would, therefore, have little or no precedential weight as compared to the <u>Ridder </u>case.

motion for sanctions on the offending party 21 days prior to filing it with the Court.   Mr.

Levin's Motion for Reconsideration is denied.

IT IS SO ORDERED.


   /s/ Donald C. Nugent
Donald C. Nugent
United States District Judge


Date:  August 4, 2010

-3-